# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1150V
### Filed: July 13, 2017
NOT TO BE PUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SUSAN ITSELL, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Decision on Attorneys'
Fees and Costs

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Andrew Donald Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Hastings,** *Special Master*:

On September 15, 2016, Petitioner filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered an adverse reaction to her Prevnar 13 (Pneumococcal 13-valent Conjugate) vaccination administered on November 3, 2015. On June 1, 2017, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 25.)

On June 14, 2017, Petitioner filed an application for attorneys' fees and costs. (ECF No. 29.) Petitioner requests attorneys' fees in the amount of $13,191.50 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $1,663.06, for a total amount of $14,854.56. (*Id.* at 1.) In accordance with General Order #9, Petitioner's counsel represents that Petitioner incurred no out-of-pocket expenses in pursuit of the claim.

On June 19, 2017, Respondent filed a response to Petitioner's application.  (ECF No. 30.) In his response, Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1.)  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.)  Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3.)

I have reviewed the billing records submitted with Petitioner's request. *See* Exhibit Ex. A.  In light of my experience the request appears reasonable, and I find no cause to reduce the requested hours or rates in this case.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of Petitioner's request, I **GRANT** Petitioner's application for attorneys' fees and costs in the reduced amount of $14,854.56.

**Accordingly, the undersigned awards the total of $14,854.56[3] as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel Andrew Donald Downing, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.